UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. NO. 23-cr-178 (PMH) |
| | : | |
| CHRISTOPHER CRAFT | : | Laptop Order |
| Defendant. | : | |

Philip M. Halpern, District Judge:

Counsel for Christopher Craft has requested approval for the use of CJA funds to purchase a laptop for defendant, Christopher Craft who wishes to review discovery materials produced by the Government and therefore needs to have access to an electronic device under the terms ordered below. Defense counsel represents that without this laptop Mr. Craft will be unable to effectively prepare for trial in addition to reviewing the massive amount of discovery material that the Government has provided pursuant to Rule 16 of the Federal Rules of Criminal Procedure.

The application is granted as follows:

1. Defense counsel is authorized to procure with CJA funds, a laptop computer and any subsequent external hard drives that may be required to provide the defendant with access to the discovery (collectively, the "Electronic Device") for purposes of the discovery review and trial preparation. Counsel shall provide the electronic device to Data Mill, Inc., care of Dave Damo or his staff shall review the Electronic Device and confirm that the wireless and printing capabilities are disabled in a manner acceptable to the facility in

which the given defendant is lodged.[1]  Mr. Damo or his staff shall load on to the Electronic Device such software as the Defendant will need to review and make notes on the discovery.  Mr. Damos or his staff shall set a password protected administrative account on the Electronic Device that is separate from the Defendant's password protected user account to prevent any user from making changes to the Electronic Device.

2. Either defense counsel or Mr. Damo shall provide the Electronic Device to the Government.  Each Electronic Device will be clearly marked with the name and ID number and Marshal's registration number of the defendant who has been assigned to receive that particular Electronic Device.

3. The Government shall save the discovery onto the Electronic Device as well as on subsequent external hard drives that may be required to provide the defendant with access to the discovery.

4. The Government shall confirm that the discovery is viewable on the Electronic Device (for example, that the audio recordings and video play on the Electronic Device) prior to sending it to the facility where the inmate is housed.

5. Within 30 days of receipt of the Electronic Device, the Government shall send the Electronic Device to an Officer designated by each facility to receive the electronic device.  The designated Officer shall keep the Electronic Device and charging wire in their office.

6. Mr. Craft can access the Electronic Device for review on a temporary basis and at times approved by prison personnel. This review must take place in the Defendant's unit or a location where to the extent possible Defendant is not in the presence of any other

---

[1] Counsel shall consult with Dave Damo of the Data Mill, Inc., to determine the model of laptop computer that is acceptable to Metropolitan Detention Center in Brooklyn, where Mr. Craft is housed.

inmates. Because of the volume of discovery, Mr. Craft should be afforded the ability to review it for several hours each day to the extent consistent with the conduct of the facility in which the defendant is lodged.

7. Mr. Craft is prohibited from copying any information from the discovery.

8. After Mr. Craft is finished reviewing the discovery for any given day, the Defendant shall return the Electronic Device to the designated Officer.

9. Mr. Craft is strictly prohibited from printing, copying, sending, publishing, or transferring any of the discovery materials on the Electronic Device. It is the intent of this Order that only Defendant assigned to a particular Electronic Device (and his counsel and any other members of his legal defense team, including investigators. Paralegals, and support staff, as needed to confer with the Defendant) will have access to the discovery materials on the Electronic Device.

10. This Court will revisit this Order and Mr. Craft's access to the Electronic Device if it appears that Mr. Craft is not abiding by this Order.

11. IT IS FURTHER ORDERED that no later than the conclusion of the proceedings against Mr. Craft in the district court, whether through dismissal of the charges against the Defendant or the sentencing of the Defendant, the Institution in which Mr. Craft is lodged shall return the Electronic Device to his counsel, who will promptly provide it to the Administrative Office of the U.S. Courts if it was purchased with CJA funds.

Dated: September 25, 2023

                                                        SO ORDERED

                                         _____

                                         Honorable Philip M. Halpern
                                         United States District Judge