UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

v.

CHRISTOPHER CRAFT,

                              Defendant.
-----------------------------------------------------------X

**OPINION & ORDER**

23-CR-00178 (PMH)

PHILIP M. HALPERN, United States District Judge:

Pursuant to this Court's Order (Doc. 8), the Government filed its motion *in limine* in advance of trial in this action and Defendant filed its opposition. (Doc. 33, "Gov't Br."; Doc. 37, "Def. Br."). For the following reasons, the Government's motion *in limine* is GRANTED in part.

The Government seeks to admit the following: (1) limited evidence of Christopher Craft's ("Craft" or "Defendant") prior felony conviction which consists principally of a redacted version of a Certificate of Disposition (Gov't Br. at 7-9; Gov. Ex. 500A),[1] and (2) statements made by Craft regarding his ownership and use of firearms on and after April 17, 2022. (Gov. Br. at 33).

With respect to the second branch of the Government's motion, it specifically seeks admission of Craft's (i) April 17, 2022 statement to New York State Police ("NYSP") troopers that he had possessed a shotgun that night outside of his residence (GX 300A); and (ii) statement made during his arraignment that he regularly uses a gun for hunting, target practice, and other purposes (GX 502; Gov't Br. at 9-10). The Government seeks admission of each statement as

---

[1] Evidence that Craft was convicted of a crime punishable by more than one year's imprisonment and that Craft knew of such conviction on April 20, 2022 and March 24, 2023, are necessary to sustain both crimes with which Craft is charged. (Gov. Br. at 7-8; 18 U.S.C. § 922(g)). The parties represented to the Court at the September 20, 2023 conference that they are meeting and conferring regarding this evidence and expect to come to a mutually agreeable stipulation imminently. Accordingly, the Court need not reach this branch of the Government's motion at this time, and it is therefore denied without prejudice to renewal should a mutually agreeable stipulation not be forthcoming.

1

direct evidence of Craft's charged crime of possessing a firearm as a convicted felon or, in the alternative, as evidence of prior bad acts under Federal Rule of Evidence 404(b)(2) to prove knowledge and absence of mistake or accident. (*Id.*).

Defendant did not address in his opposition the Government's request to admit his statement at his arraignment. Accordingly, the motion as to the arraignment statement is granted as unopposed. (*See generally* Def. Br.).[2]

The motion to admit Craft's April 17th statement to NYSP troopers that he possessed a gun that day is also granted. The Government argues that the April 17th statement is admissible as direct evidence of the alleged crime or, alternatively, as admissible evidence of Defendant's knowledge and/or intent under Federal Rule of Evidence 404(b). (Gov. Br. at 10-12). Defendant argues that his April 17th statement is not admissible as it was made in connection with entirely different circumstances— an unrelated hit-and-run automobile investigation— and is therefore not relevant to the charged offense. (Def. Br. at 2). The April 17th statement is admissible as direct evidence.

Evidence that is relevant to the charged offense is generally admissible under Fed. R. Evid. 402. Statements are admissible as direct evidence of the charged offense and not considered other crimes evidence under Fed. R. Evid. 404(b) where they (i) "arose out of the same transaction or series of transactions as the charged offense," (ii) are "inextricably intertwined with the evidence regarding the charged offense," or (iii) are "necessary to complete the story of the crime on trial." *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000). Here, the pertinent charged offense is felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. 5). The statement by Craft, an individual with a prior felony conviction, that he possessed a shotgun on April 17th is

---

[2] The statements made at the arraignment are admissible under Federal Rule of Evidence 404(b) for both charges for the purpose of showing of absence of mistake or accident concerning the use and possession of the shotgun and ammunition.

2

inextricably intertwined with the Government's evidence regarding the charged offense concerning the shotgun possession and/or necessary to complete the story of the crime on trial. Additionally, the April 17th admission is what in part motivated the NYSP troopers to stop Craft's vehicle and subsequently arrest him, and is therefore part of the same series of transactions as the charged offense. (Gov't Br. at 14).

Moreover, Craft's April 17th statement is not unfairly prejudicial under Federal Rule of Evidence 403. Evidence is admissible under Federal Rule of Evidence 403 if its "probative value is substantially outweighed by . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The Second Circuit has found that evidence is unduly prejudicial "only when it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence." *United States v. Kadir*, 718 F.3d 115, 122 (2d Cir. 2013) (citing *United States v. Figueroa*, 618 F.2d 934, 943 (2d Cir. 1980)). Additionally, evidence is not unfairly prejudicial where it is no "more sensational or disturbing than the crimes with which [defendant] was charged." *United States v. Curley*, 639 F.3d 50, 59 (2d Cir. 2011). Defendant has not shown, and this Court has not found, any valid adverse impact that the April 17th statement has on Defendant beyond what is necessary to proving a fact requisite to the charge—the possession of a firearm. Moreover, Craft's April 17th statement that he possessed a shotgun is not more sensational or disturbing than the charged offense—possessing a firearm as a convicted felon—as it is essentially identical conduct.

Accordingly, the second branch of the Government's motion *in limine* is granted. The pertinent statements are admissible as direct evidence of the crimes charged.

The Clerk of Court is respectfully requested to terminate the pending motion. (Doc. 33).

**SO ORDERED.**

Dated: White Plains, New York
       September 25, 2023

_____
Philip M. Halpern
United States District Judge