UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA,   :

 -v-        :     ORDER

CHRISTOPHER CRAFT,    :    23 Cr. 178 (PMH)

   Defendant.   :

------------------------------------------------------------X

PHILIP M. HALPERN, District Judge:

Though standby counsel, Defendant Christopher Craft, pro se, has requested approval for the use of CJA funds to purchase a laptop for his use to review discovery materials produced by the Government both for his trial and the discovery and 3500 material produced for the VOSR hearing and therefore needs to have access to an electronic device under the terms ordered below.  Mr. Craft represents that without this laptop he will be unable to review effectively the discovery material that the Government has provided pursuant to Rule 16 of the Federal Rules of Criminal Procedure.

The application is granted as follows:

1. Standby counsel, is authorized to procure with CJA funds, a laptop computer[1] and any subsequent external hard drives that may be

---

[1] Counsel shall consult with Julie de Almeida and Data Mill, to determine the model of laptop computer that is acceptable to the facility where their client is housed.

1

required to provide the Defendant with access to the discovery (collectively, the "Electronic Device") for purposes of the discovery review.  Counsel shall provide the electronic device to Data Mill, Inc., their staff shall review the Electronic Device and confirm that the wireless and printing capabilities are disabled in a manner acceptable to the facility in which the Defendant is lodged.  Data Mill shall load onto the Electronic Device such software as the Defendant will need to review and make notes on the discovery.  Data Mill shall set a password protected administrative account on the Electronic Device that is separate from the Defendant's password protected user account to prevent any user from making changes to the Electronic Device.

2. Either defense counsel or Data Mill shall provide the Electronic Device to the Government.  Each Electronic Device will be clearly marked with the name and ID number and Marshal's registration number of the Defendant who has been assigned to receive that particular Electronic Device.

3. The Government shall save the discovery onto the Electronic Device as well as on subsequent external hard drives that may be required to provide the defendant with access to the discovery.

4. The Government shall confirm that the discovery is viewable on the Electronic Device (for example, that the audio recordings and video

play on the Electronic Device) prior to sending it to the Metropolitan Detention Center (MDC) where Mr. Craft is housed.

5. Within 15 days of receipt of the Electronic Device, the Government shall send the Electronic Device to an Officer designated by the MDC to receive the electronic device.  The designated Officer shall keep the Electronic Device and charging wire in their office.

6. The Defendant can access the Electronic Device for review on a temporary basis and at times approved by prison personnel. This review must take place in the defendant's unit or a location where to the extent possible Defendant is not in the presence of any other inmates. Because of the volume of discovery, the Defendant should be afforded the ability to review it for several hours each day to the extent consistent with the conduct of the MDC.

7. The Defendant is prohibited from copying any information from the discovery.

8. After he is finished reviewing the discovery for any given day, the Defendant shall return the Electronic Device to the designated Officer.

9. The Defendant shall be permitted to bring the Electronic Device to meetings with his counsel and any other members of his legal defense team, including investigators. Paralegals, and support staff.

10.     The Defendant is strictly prohibited from printing, copying, sending, publishing, or transferring any of the discovery materials on the Electronic Device. It is the intent of this Order that only the Defendant assigned to a particular Electronic Device (and his counsel and any other members of his legal defense team, including investigators. Paralegals, and support staff, as needed to confer with the Defendant) will have access to the discovery materials on the Electronic Device.

11.     The Court will revisit this Order and the Defendant's access to the Electronic Device if it appears that the Defendant is not abiding by this Order.

IT IS FURTHER ORDERED that no later than the conclusion of the proceedings against the Defendant in the district court, whether through dismissal of the charges against the Defendant or the sentencing of the Defendant, the Institution in which the Defendant is lodged shall return the Electronic Device to his counsel, who will promptly provide it to Data Mill as the custodian for the Administrative Office of the U.S. Courts if it was purchased with CJA funds.

Dated: White Plains, New York
       June 12, 2026

SO ORDERED

_____

Philip M. Halpern
United States District Judge