

**U.S. Department of Justice**

Application granted. The Court's Order dated June 15, 2026 (Doc. 116) is vacated. In lieu of a laptop, the Government shall make arrangements to provide Mr. Craft the discovery in connection with this VOSR proceeding only on an external hard drive. Defendant may renew his request for a laptop if he deems it necessary to prepare for the July 20, 2026 revocation hearing after receiving the external hard drive and after conferring with the Government to attempt to resolve any issues. The Clerk of Court is respectfully directed to terminate the pending motion (Doc. 117).

SO ORDERED.

_____
Philip M. Halpern
United States District Judge

Dated:  White Plains, New York
        June 18, 2026

**VIA ECF**

The Honorable Philip M. Halpern
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re:   ***United States v. Christopher Craft**, 23 Cr. 178 (PMH)*

Dear Judge Halpern:

The Government writes respectfully to seek reconsideration of the Court's June 15, 2026, Order granting defendant Christpher Craft's ex parte application, which would require the Government to load discovery for Craft onto a laptop and deliver the laptop to MDC Brooklyn for Craft to review. Dkt. 116. The basis for the Government's reconsideration request is set forth in the attached letter from MDC Brooklyn's legal counsel. The Government can confirm that the discovery in this case is capable of being saved onto an external hard drive that can be sent to the defendant in MDC Brooklyn in lieu of the requested laptop.

The Government further seeks reconsideration of the June 15, 2026 Order to the extent it would require production of all "discovery materials produced by the Government [] for [Craft's] trial," *i.e.*, materials produced in discovery in the underlying prosecution of the defendant that preceded this VOSR proceeding. Dkt. 116 at 1. This would significantly expand the Government's disclosure obligations to include records that are immaterial to Craft's preparation of a defense to the charged violations of supervised release, which relate exclusively to Craft's conduct following his March 28, 2024 conviction.  *See* Fed. R. Crim. Proc. 16(E).

The Government is prepared to comply promptly with any further Order of the Court regarding the defendant's access to discovery.

Respectfully submitted,

JAY CLAYTON
United States Attorney

by:  ___/s/_____
     Ioannis D. Drivas
     Ryan W. Allison

Assistant United States Attorneys
(914) 993-1928 (Drivas)
(212) 637-2474 (Allison)

CC:     Counsel of Record (via ECF)



**U.S. DEPARTMENT OF JUSTICE**
**Federal Bureau of Prisons**
*Metropolitan Detention Center*

*80 29th Street*
*Brooklyn, New York 11232*

June 15, 2026

Honorable Philip M. Halpern
United States District Judge
Southern District of New York
United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

       **Re**:       *United States v. Christopher Craft*, 23-cr-178 (PMH)

Dear Judge Halpern:

This letter is written in response to your Honor's Order dated June 15, 2026, authorizing Christopher Craft (Reg. No. 10515-506), who is currently detained at Metropolitan Detention Center in Brooklyn, New York ("MDC"), to possess a laptop for discovery review and trial preparation (the "Order").

Generally, MDC provides inmates with robust resources to access discovery and prepare for their criminal case. While MDC does, under certain limited circumstances allow inmates to have access to laptops, laptops are disfavored due to various logistical constraints and such permissions are granted only after a thorough, case-by-case evaluation of various factors which include: the inmate's unique legal needs, such as the nature of their discovery, the status of their criminal case, and the availability of alternative resources. Generally, we will not oppose the use of inmate laptops when the inmate's trial is coming up (within 90-days), and the inmate has exhausted the resources provided to him.

After conducting a full review of Mr. Craft's unique circumstances, MDC does not believe issuance of a laptop is appropriate because there is no indication that the legal resources that are readily available to Mr. Craft are insufficient to meet his needs.

Mr. Craft is housed on a general population unit, equipped with computers that can be used for electronic discovery review, legal research, and preparing legal materials. MDC permits inmates to maintain hard drives in furtherance of electronic discovery review. These hard drives are sent to the legal office, processed with a unique identifying number, logged into our system and distributed to inmates accordingly. There is no limit to the amount of hard drives an inmate can have, and they are generally maintained by the inmates

in their cells. But for limited circumstances, inmates can review discovery at their leisure from approximately 6:00 a.m. through 9:30 p.m., seven days per week. Our records show that Mr. Craft has been provided with three hard drives, with the most recent one sent to him in September of 2023.

I spoke with Mr. Craft's unit team who advised that he has not submitted any complaints or concerns regarding access to discovery. Similarly, my office has not received any complaints from Mr. Craft's standby counsel or the United States Attorney's Office ("USAO") signaling he is having trouble accessing discovery or otherwise preparing for his case. Additionally, after speaking with the USAO, it is my understanding that his discovery does not include any content that deemed inappropriate to review on his housing unit, such that it would cause any safety or security concerns.

In the rare instances where a laptop is deemed necessary, approval is provided subject to various restrictions and, because laptops pose a security risk, they are only made available to inmates in the visiting room during certain hours. Due to MDC's population and resources, there is limited space to store inmate laptops, as well as limited space available in the visiting room designated for inmates to view them. Additionally, inmates are only permitted to access their laptops Monday through Friday from 8:00 a.m. to 3:00 p.m. and must speak with the unit officer to request access, who will coordinate with the visiting room officers to arrange for inmate movement. Such requests may not always be immediately accommodated and will depend on the number of people already in the visiting room, availability of space in the designated viewing areas, and staffing.

As noted above, Mr. Craft has ample resources on his housing unit that allow him to access his e-discovery and prepare his defense. Moreover, Mr. Craft has been using these resources seemingly without issue or complaint since 2023. We believe that, coupled with MDC's limited resources, make a laptop inappropriate and respectfully request the Order permitting Mr. Craft to have a laptop be reconsidered.

Respectfully submitted,

/s/ *Rachel Kull*
Rachel K. Kull, Esq.
Staff Attorney