UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
UNITED STATES OF AMERICA,

v.

CHRISTOPHER CRAFT,

Defendant.
---------------------------------------------------------X

**ORDER**

23-CR-00178 (PMH)

PHILIP M. HALPERN, United States District Judge:

Defendant Christopher Craft, proceeding *pro se* and through assigned standby counsel, served a subpoena dated June 18, 2026 on Probation Officer Erica Cudina seeking her "work cell phone for forensic examination." (Doc. 121). Mr. Craft also served another subpoena dated June 18, 2026 on his former attorney, Daniel Hochheiser, Esq., seeking his "work cell phone for forensic examination." (Doc. 123). On June 23, 2026, the Government filed a motion to quash the subpoena served on Probation Officer Cudina. (Doc. 121). By letter dated June 24, 2026, counsel for Mr. Hochheiser indicated that he also intended to move to quash the subpoena served on him, although the Court stated that a motion to quash was not necessary. (Doc. 123, Doc. 124). By letter dated June 28, 2026, Mr. Craft opposed the motion to quash. (Doc. 125).

For the reasons set forth below, the motion to quash is GRANTED.

## STANDARD OF REVIEW

Rule 17(c) permits subpoenas ordering the production of "books, papers, documents, data, or other objects." Fed. R. Crim. P. 17(c)(1). Courts "may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). "The purpose of Rule 17(c) is to facilitate the trial by designating a time and place prior to trial to obtain and inspect evidentiary material." *United States v. Maxwell*, No. 20-CR-330, 2021 WL 1625392, at *1

(S.D.N.Y. Apr. 27, 2021) (citing *United States v. Nixon*, 418 U.S. 683, 698-99 (1974)).[1] A Rule 17(c) subpoena is "not intended to provide a means of discovery for criminal cases." *United States v. Menendez*, No. 23-CR-490, 2024 WL 2801960, at *2 (S.D.N.Y. May 31, 2024) (quoting *Nixon*, 418 U.S. at 698). "Courts must 'be mindful not to allow the Rule 17(c) process to become a broad discovery device that would undermine the discovery procedures set forth in Rule 16.'" *Id.* (quoting *United States v. Kwok*, No. 23-CR-118-1, 2024 WL 1719364, at *2 (S.D.N.Y. Apr. 22, 2024)).

"To determine whether issuance of the subpoena[s] is appropriate, the Court considers the factors articulated in *United States v. Nixon*." *Maxwell*, 2021 WL 1625392, at *1. The moving party must demonstrate "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general fishing expedition." *Nixon*, 418 U.S. at 699-700. "In other words, under the test adopted by the Supreme Court in *Nixon*, the proponent of a subpoena returnable before trial 'must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity.'" *United States v. Rajaratnam*, 753 F. Supp. 2d 317, 321 (S.D.N.Y. 2011) (quoting *Nixon*, 418 U.S. at 700)).

## ANALYSIS

The subpoena served on Ms. Cudina does not meet any of the *Nixon* factors. First, the subpoena is overbroad and lacks specificity as it demands the contents of Ms. Cudina's entire work

[1] Unless otherwise noted, all case quotations omit internal quotation marks, citations, alterations, and footnotes.

phone. Courts have repeatedly rejected requests for "any" and "all" documents and communications as impermissible fishing expeditions. *See United States v. Xu*, No. 23-CR-133-5, 2024 WL 4504352, at *3 (S.D.N.Y. Oct. 16, 2024) (citing cases); *see also United States v. Mendinueta-Ibarro*, 956 F. Supp. 2d 511, 513 (S.D.N.Y. 2013) ("Subpoenas seeking any and all materials, without mention of specific admissible evidence, are precisely what justify the inference that the defense is engaging in the type of fishing expedition prohibited by *Nixon*."). "Compliance with such broad demands is unreasonable or oppressive under Rule 17(c)." *Menendez*, 2024 WL 2801960, at *2.

Mr. Craft also fails to show that the subpoena is limited to relevant and admissible material. As an initial matter, because the subpoena is overbroad, there is "no meaningful way to evaluate the relevance or admissibility of the unspecified evidence that would theoretically be responsive." *Xu*, 2024 WL 4504352, at *2. All of the records on Ms. Cudina's phone unrelated to Mr. Craft would clearly be irrelevant and inadmissible at a supervised release revocation proceeding. In addition, the Government has represented that the contents of Ms. Cudina's phone relating to "her communications with the defendant and statements she has made to the Government regarding this case [] have already been produced to the defendant pursuant to 18 U.S.C. § 3500." (Doc. 121 at 2). Therefore, the Government's motion to quash the subpoena served on Ms. Cudina is granted.

For similar reasons, the identical subpoena issued to Mr. Hochheiser is also quashed. In addition to the reasons discussed above demonstrating that the subpoena lacks relevancy, admissibility and specificity, the subpoena for Mr. Hochheiser's work cell phone "plainly call[s] for a host of materials protected by the attorney-client privilege or work-product doctrine." *Xu*, 2024 WL 4504352, at *4. Therefore, the subpoena served on Mr. Hochheiser is also quashed.

**CONCLUSION**

Accordingly, the Government's motion to quash is GRANTED and the subpoenas served on Ms. Cudina and Mr. Hochheiser are quashed. The Clerk of Court is respectfully directed to terminate the pending motion (Doc. 121).

**SO ORDERED:**

Dated: White Plains, New York
July 14, 2026

Philip M. Halpern
United States District Judge